**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CR 24-1117 DHU** |
| **v.** | ) | |
| | ) | |
| **ASHKIA RANDY LEE TRUJILLO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

Defendant Ashkia Trujillo, by and through his attorney of record, Assistant Federal Public Defender Melissa Ayn Morris, respectfully submits these objections to the Presentence Report ("PSR"). Specifically, he objects to Paragraph 25, in which the U.S. Probation Office proposes a two-level enhancement to Count 1, Assault Resulting in Serious Bodily Injury, *see* U.S.S.G. § 3A1.1(b)(1), Paragraph 42, in which the U.S. Probation Office alleges a homemade weapon was found within Mr. Trujillo's cell, as well as proposed special conditions of supervision.

Mr. Trujillo requests that the Court find that the two-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) is misapplied. This would result in a total offense level of 16, for a guideline imprisonment range of 21-27 months.

## I. Background

Mr. Trujillo pleaded guilty with a 11(c)(1)(C) plea agreement to an Information charging him with Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C.

§§ 1153 and 113(a)(6). (PSR ¶ 2). In the plea agreement, the government agreed that Mr. Trujillo should be sentenced within the calculated guideline range, taking into account his acceptance of responsibility with no further reduction to occur. (PSR ¶ 3).

## II. Discussion

### A. Enhancement under U.S.S.G. § 3A1.1(b)(1)

Mr. Trujillo respectfully objects to a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) for Jane Doe being a vulnerable victim. According to U.S. Probation, since Jane Doe was described as having a developmental delay and as being "child-like," the vulnerable victim enhancement should apply. (PSR ¶ 17).

Under U.S.S.G § 3A1.1(b)(1), "if the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." *See* U.S.S.G. § 3A1.1(b)(1). Vulnerable victim is defined as a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3, and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. U.S.S.G. § 3A1.1(b)(1) App. Note 2. The application note further explains that this enhancement applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability. *Id.*

The status of "vulnerable victim" hinges on the idea that some characteristic renders a victim "particularly susceptible" to the criminal conduct. In other words, the "vulnerable victim" is someone who is unable to protect himself or herself from criminal conduct, and is therefore in need of greater societal protection than the average citizen.

*United States v. Joe*, 325 F. Supp. 3d 1226, 1229, (D.N.M. May 9, 2018). The Guidelines' enhancement, however, is reserved for exceptional cases in which the victim is unusually vulnerable or particularly susceptible to the crime committed. *Id.* "In assessing vulnerability, the sentencing court must make an individualized determination; it is not enough that a victim belongs to a class generally considered vulnerable." *Joe,* 325 F. Supp. 3d at 1229 *quoting United States v. Scott*, 529 F. 3d 1290, 1300-01 (10th Cir. 2008). Not only must there be particularized evidence of a victim's vulnerability, but the evidence must also distinguish the victim as atypical of the usual targets of the relevant criminal conduct. *Joe*, 325 F. Supp. 3d at 1229.

The government must prove the facts supporting sentencing enhancement by a preponderance of the evidence. *See United States v. Garcia*, 635 F. 3d 472, 478 (10th Cir. 2011). To carry this burden, it must show that "the existence of a fact is more probable than its nonexistence." *Concrete Pipe & Prods. Of Cal, Inc. v. Constr. Laborers Pension Tr. For S. Cal.*, 508 U.S. 602, 622 (1993). In this case, the PSR seems to rely on language from the SANE report as well as Jane Doe's mother's descriptions of Jane Doe. There is no formal diagnosis provided, or further information offered to explain what is meant by "developmental delays," or "child-like." Moreover, the PSR provides no evidence that proves by a preponderance that Mr. Trujillo knew or should have known of Jane Doe's alleged unusual vulnerability. *See* §3A1.1(b)(1) App. Note 2. In *Joe,* the defendant killed the victim with an axe. The victim had cerebral palsy, was partially paralyzed, and only had use of the right side of his body. *Id.* There, the Court held that there was particularized evidence of the victim's vulnerability, namely that he could use only the

right side of his body. *Id,* at 1230. Here, there is no such particularized evidence of Jane Doe's vulnerability, or anything that would distinguish Jane Doe as atypical of the usual targets. As such, the government cannot prove by a preponderance of the evidence that Jane Doe was a vulnerable victim, or that Mr. Trujillo knew or should have known of her alleged vulnerability.

**B. U.S. Marshals Incident Report Alleging Weapon Found**

The PSR alleges that according to an incident report from the U.S. Marshals Service, officers at the Cibola County Correctional Center discovered a homemade sharpened metal weapon while searching Mr. Trujillo's cell. (PSR ¶ 42). However, the PSR fails to include any information regarding disciplinary findings. There is nothing indicating that the alleged weapon belonged to Mr. Trujillo, and no information regarding Cibola County Correctional Center's determination of possession. Absent evidence indicating that Mr. Trujillo was in possession of the alleged contraband after a hearing at Cibola, inclusion of this information is improper, and Mr. Trujillo asks that it be removed from the PSR.

**C. Proposed sex-offender specific conditions**

Attachment A of the PSR includes proposed special conditions of supervision, including a sex-offender specific assessment to determine the level of risk for sexual dangerousness, recidivism, and amenability. Based on this assessment, the PSR further recommends that Mr. Trujillo attend and participate in sex offender treatment consistent with the recommendations of the evaluation. The PSR also proposes that Mr. Trujillo submit to clinical polygraph examinations, as directed by the probation officer and/or

treatment provider. (PSR Attachment A at 3). Mr. Trujillo objects to these proposed conditions.

Conditions of supervised release must be "(1) 'reasonably related' to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) 'involve no greater deprivation of liberty than is reasonably necessary' for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Martinez-Torres*, 795 F. 3d 1233, 1236 (10th Cir. 2015) (quoting 18 U.S.C. § 3583(d)). "District courts have broad discretion to prescribe special conditions of release, but that discretion has limits." *United States v. Francis*, 891 F. 3d 888, 898 (10th Cir. 2018).

U.S. Probation argues that the addition of these special conditions is justified based on the nature and circumstances of the instant offense and further argues that these conditions will help determine the defendant's level of risk and treatment needs. (PSR Attachment A at 3). However, Mr. Trujillo was not convicted of a sex offense, and he objects to the characterization of his conduct as such. Specifically, sex offender specific assessments and treatment programs, as well as clinical polygraph examinations are more intensive and intrusive than is warranted. The proposed conditions are not reasonably related to his history and characteristics or the other statutory factors and hence involves

a greater deprivation of liberty than is reasonably necessary to deter criminal activity, protect the public, and promote rehabilitation.

According to the PSR, Mr. Trujillo would have to submit to clinical polygraph examinations as directed by his probation officer. Although probation officers have broad authority to advise and supervise probationers, there are limits to this authority. *United States v. Mike*, 632 F. 3d 686, 695 (10th Cir. 2011). "In determining whether a particular delegation violates this restriction, courts distinguish between those that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and those that allow the officer to decide the nature or extent of the defendant's punishment. Delegations that do the former are permissible, while those that do the latter are not." *Id.* "Conditions that touch on significant liberty interests are qualitatively different from those that do not." *United States v. Mike*, 632 F. 3d 686, 695 (10th Cir. 2011). "[G]ranting the probation officer the discretion to decide whether such conditions will be imposed is tantamount to allowing him to decide the nature or extent of the defendant's punishment." *Id.*

In this case, allowing Mr. Trujillo's probation officer to determine whether he should submit to clinical polygraph examinations would mean that the officer would be deciding the nature and extent of his punishment. A delegation that does this is not permissible.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Mr. Trujillo respectfully requests that the Court sustain his objections to the PSR, conclude that the enhancement under

U.S.S.G. § 3A1.1(b)(1) does not apply, that the facts set forth in paragraph 42 that he possessed a homemade sharpened metal weapon in his cell are not supported by a preponderance of the evidence, and that the proposed sex-offender conditions are not reasonably related to his history and characteristics or the other statutory factors and hence involves a greater deprivation of liberty than is reasonably necessary to deter criminal activity, protect the public, and promote rehabilitation. This results in a base offense level of 16 and a resulting guideline range of 21-27 months.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
O: (505) 346-2489 | F: (505) 346-2494
Melissa_Morris@fd.org

***Electronically filed October 1, 2026***
/s/ Melissa A. Morris
Assistant Federal Public Defender
Attorney for Mr. Trujillo